Edwin D. Akers, Jr., Thompson & Mitchell, St. Louis, Mo., for defendant.

**David BRENT, Plaintiff,**

v.

**AMERICAN BASKETBALL ASSOCIATION, Defendant.**

No. 76–711C(3).

United States District Court, E. D. Missouri, E. D.

April 29, 1977.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon defendant's motion to quash service of process and to dismiss. The motion is based upon defendant's claim that it has not done business within the State or had other contacts sufficient to satisfy the requirements of Missouri's Long-Arm Statute, § 506.500, RSMo 1969. The Court ordered an evidentiary hearing, after allowing discovery, and has carefully considered the entire record. The Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Defendant is a Delaware corporation with its principal place of business in New York. Plaintiff is a Missouri resident and this Court has jurisdiction over this action under 28 U.S.C. § 1332.

2. None of defendant's agents engaged in any contacts in Missouri relating to the contract that is the subject matter of this suit.

### Conclusions of Law

Personal jurisdiction over defendant must rest on one or more alleged telephone calls made by agents of the American Basketball Association (ABA) to persons in St. Louis.[1]

1. Plaintiff's claim that the presence of an ABA team in St. Louis for a short time satisfies the requirements of the Long-Arm Statute was rejected by the Court's Memorandum of December 13, 1976.

Plaintiff alleges that a call was made to the home of J. B. Powell, by a representative of the ABA. The caller allegedly asked Powell, his wife (plaintiff's grandmother), and plaintiff's mother to influence plaintiff to sign with the ABA. The Court agrees in legal principle that such conduct would probably fall within the confines of the Long-Arm Statute. However, plaintiff has not made a sufficient factual showing to support that allegation.

The testimony was that someone called the Powell residence and identified themselves as a representative of the ABA. Telephone conversations with an in-court witness are admissible if the caller is identified and his part of the conversation meets some exception to the hearsay rule. VII *J. Wigmore, Evidence* § 2155 (3rd ed. 1940). In this case there is no evidence identifying the caller. The mere representation by the caller that he represented the ABA did not establish either his identity or an agency relationship.[2]

Having concluded that no sufficient identification of the caller was made, there is no need to determine if plaintiff's account of the call was hearsay evidence.[3] Accordingly, service must be quashed and the action dismissed for lack of jurisdiction over the defendant.

---

[2] Affidavits filed earlier by plaintiff indicate that the caller claimed to be Bob Vanatta. Defendant filed counter-affidavits denying that Mr. Vanatta was employed by the ABA. At the hearing held by the Court, plaintiff did not identify the caller by name.

[3] If the caller were shown to be defendant's agent, the conversation would probably have been an admission of a party opponent and not hearsay at all. However, proof of agency rests on the same improper evidence that would identify the caller.